[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 6, 1997
This is a case involving successive notices to quit. On February 15, 1996, the plaintiff caused a notice to quit to be served on the defendant. The notice gave a quit date of February 29, 1996, and gave as reasons for termination of the lease nonpayment of rent and nonpayment of taxes. A summary process action was commenced in March, 1996; the complaint alleged only nonpayment of rent for the month of February, 1996. The defendant CT Page 387-A filed a motion to strike on April 10, 1996: this motion alleged that the applicable paragraph of the lease did not provide for eviction as a remedy for nonpayment of rent, and, even if it did, there was a grace period of thirty days after the due date provided for in the lease. There was no ruling or other action on the motion by the court; the plaintiff withdrew the action by a withdrawal dated October 18, 1996, and filed October 21, 1996.
On October 19, 1996, the notice to quit underlying the instant action was served. The reasons given were nonpayment of rent, nonpayment of taxes and nonpayment of insurance. The complaint, served on November 11, 1996, alleges nonpayment of rent for the month of August, 1996, and the failure to maintain insurance as required under the lease. The defendant has moved to dismiss the second action, on the ground that the first notice to quit terminated the lease. If that is so, then there can be no action for nonpayment of rent, or, presumably, for any other reason dependent on the existence of a lease. The plaintiff argues that the first notice to quit was a nullity and, therefore, the second notice to quit was capable of conferring subject matter jurisdiction. See City of Bridgeport v. BarbourCT Page 387-BDaniel Electronics, Inc., 16 Conn. App. 574 (1988).
It is very simple to state the law applicable to this situation: if the first notice to quit is void, then the second notice to quit may be considered as though the first notice never existed. Barbour Daniel Electronics, supra. If the first notice to quit was not void, then it had the effect of terminating the lease and rent, qua rent, was no longer due, and a subsequent action premised on nonpayment of rent must fail. See, e.g.,Pelensky v. Alejos, No. SPBR 9604 31878, (Housing Session at Bridgeport, 1996) (Tierney, J.). Though it is easy to state the law in black letters, it is sometimes difficult to apply the test. In Pelensky, supra, Judge Tierney discussed the issue of whether the first notice to quit was void in terms of whether the common law requirement of the unequivocal act was met. Though seemingly simple, this test in practice involves considerations of statutory principles as well, as much of the summary process practices have been codified, and, as the summary process procedures are partly in derogation of the common law, they are to be strictly construed. See Jo-Mark Sand Gravel v.Pantanella, 139 Conn. 598 (1953). CT Page 387-C
I find that a test which is considerably easier to apply and consistent with principles of summary process is whether the first notice to quit is fatally flawed on its face. If it is, then it is void. If, on the other hand, reference to another set of facts is necessary in order to determine the validity of the summary process action, then the prior action is not void, even if it may ultimately not be successful. A "proper" notice to quit is a jurisdictional necessity; see, e.g., Lampasona v. Jacobs,209 Conn. 724, 728-29 (1989); but the court has subject matter jurisdiction over many cases which are ultimately unsuccessful.
Applying this principle to the case at hand, we can see that the first notice to quit is not patently invalid on its face. Compare Barbour Daniels Electronics, supra. That being so, it had the effect of terminating the lease; and the second action cannot proceed on the basis of the reasons stated in the second complaint. The complaint is, therefore, dismissed.
BEACH, J. CT Page 387-D